Seawell,
dissenting: I agree that under Lucas v. Earl, 281 U. S. 111, the bare right to income can not be conveyed so as to escape income tax for the reason that the income is received by the donor before it is received by the donee. But when property is conveyed which produces income, the donor is never entitled to the income, but only the donee.
In this case the decedent covenanted “ to stand seized ” to the use of his wife and daughters for their several lives, in certain interests in the properties of the sawmill partnership. This ancient species of conveyance used by the decedent was of the same force and effect as a deed of bargain and sale. It was anciently permitted to be made use of among near domestic relations only and was said to be founded on the consideration of blood or marriage. *1341 This situation prevails here. Upon execution of the covenant the covenantees became seized of the use and the statute of uses immediately annexed the possession to the use. 4 Kent Com. 480, Cains’ Lessee v. Jones, 5 Yerg. (Tenn.) 249. While this mode of conveyance has fallen into general disuse, the statutes of Tennessee are sufficiently comprehensive to include it. Shannon’s Annotated Code, sec. 3880. Sanders v. Hackey, 10 Lea (Tenn.) 194. After the execution of the instrument set out in the findings of fact, the wife and daughters were entitled to the income arising from the property so conveyed. It was never for a moment income to the decedent, and in including it in the gross income of the decedent the Commissioner was in error.
Moreover, at the time of the death of the decedent these life estates were still outstanding and valid in the hands of the widow and daughters (with provision for certain contingent remainders) and to the extent of the value of the life estates so outstanding the five-ninths interest in the sawmill property should not be included in the gross estate of the decedent.
It seems also from evidence appearing in the record that the decedent had likewise given certain interests to his wife and children in the end-matcher patent. If so, to the extent of their interest in the property, as contradistinguished from mere right of income therefrom, the value of the patent right should not be included in the gross estate of the decedent.
Smith and Goodrich agree with this dissent.